IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 14, 2024

## IN RE RAYDEN R. ET AL.

**Appeal from the Juvenile Court for Williamson County**
No. 39627     Sharon Guffee, Judge
_____

**No. M2024-00618-COA-R3-PT**
_____

A mother appeals the termination of her parental rights.  Because the mother did not file her notice of appeal within thirty days after entry of the final judgment as required by Tennessee Rule of Appellate Procedure 4(a), we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ANDY D. BENNETT, W. NEAL MCBRAYER, and JEFFREY USMAN, JJ.

Gregory Wade Dawson, Nashville, Tennessee, for the appellant, Leila N.

Katherine P. Adams, Nashville, Tennessee, for the appellee, Tennessee Department of Children's Services.

Kevin D. Balkwill, Brentwood, Tennessee, Guardian ad Litem.

### MEMORANDUM OPINION[1]

Leila N. ("Mother") has filed a notice of appeal from a final judgment entered by the Juvenile Court for Williamson County on March 25, 2024, terminating her parental rights. The guardian ad litem has moved to dismiss the appeal for failure to file a timely notice of appeal. Tennessee Rule of Appellate Procedure 4(a) requires that a notice of appeal be filed with the clerk of the appellate court within thirty days after entry of the judgment appealed. Mother did not file her notice of appeal until April 25, 2024, thirty-one days after entry of the judgment. Mother has not filed a response in opposition to the motion to dismiss.

---

[1] Under Tennessee Court of Appeals Rule 10, a case decided by memorandum opinion shall not be published and shall not be cited or relied on for any reason in any unrelated case.

We are reluctant to dismiss an appeal involving the termination of parental rights based solely on counsel's filing of the notice of appeal one day late. However, the time limit for filing a notice of appeal is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). The failure to file a timely notice of appeal deprives this Court of jurisdiction to hear the matter. *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d 856, 869 (Tenn. Ct. App. 2008). While a trial court may, under unusual and compelling circumstances, grant an appellant relief from the failure to file a timely notice of appeal under Tennessee Rule of Civil Procedure 60, such relief must be sought in the trial court. Tenn. R. App. P. 4(a), *Advisory Commission Comments; McCracken v. Brentwood United Methodist Church*, 958 S.W.2d 792 (Tenn. Ct. App. 1997). This Court can neither waive nor extend the thirty-day time period.

The appeal is hereby dismissed for failure to file a timely notice of appeal. The case is remanded to the trial court for further proceedings consistent with this opinion. The costs are taxed to Leila N. for which execution may issue.

PER CURIAM